# 13-1000-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT



MONA T. KANCIPER,

*Plaintiff-Appellant,*

v.

SUFFOLK COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS,
INCORPORATED, ROY GROSS, GERALD LAUBER, SHAWN A. DUNN,
MICHAEL NORKELUN, JOHN AND JANE DOES 1-10,

*Defendants-Appellees.*

*On Appeal from the United States District Court
for the Eastern District of New York (Central Islip)*

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

Steven J. Hyman
Alan E. Sash
MCLAUGHLIN & STERN, LLP
*Attorneys for Plaintiff-Appellant*
260 Madison Avenue
New York, New York 10016
212-448-1100

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . ii-iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . 1

I.   WHETHER A DISTRICT COURT APPLIED
     THE WRONG LEGAL TEST IS REVIEWED *DE NOVO* . . . . . . . . . 2

II.  THE CLAIM SPLITTING DOCTRINE
     DOES NOT APPLY HERE . . . . . . . . . . . . . . . . . . 6

III. *BRILLHART* DOES NOT APPLY WHEN THE
     DECLARATORY JUDGMENT ACTION PRESENTS
     AN IMPORTANT AND NOVEL FEDERAL QUESTION . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . 17

**Cases**

Adam v. Jacobs,950 F.2d 89 (2d Cir. 1991) . . . . . . . . . . . 8

Ambase Corp. v. City Investing Co. Liquidating Trust,
326 F.3d 63 (2d Cir. 2003) . . . . . . . . . . . . . . . 6,10

Brillhart v. Excess Ins. Co. of America,
316 U.S. 491 (1942) . . . . . . . . . . . . . . . . . . . *passim*

Colorado River Water Conservation Dist. v. United States,
424 U.S. 800 (1976) . . . . . . . . . . . . . . . . . . . *passim*

Curtis v. Citibank, N.A.,
226 F.3d 133 (2d Cir. 2000) . . . . . . . . . . . . . . . 4, 7

Curtis v. DiMaio, 46 F.Supp.2d 206 (E.D.N.Y. 1999) . . . . . . 7

Diamond "D" Construction Corp. v. McGowan, 282 F.3d 191
(2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . 3

DiGennaro v. Whitehair, 467 Fed. Appx. 42 (2d Cir. 2012) . . . 7

Fabrikant v. French, 691 F.3d 193 (2d Cir. 2012) . . . . . . 12

Ferris v. Cuevas, 118 F.3d 122 (2d Cir. 1997) . . . . . . . . . 6

Hicks v. Low, 309 Fed. Appx. 472 (2d Cir. 2009) . . . . . . . . 7

Legrano v. U.S., 2013 WL 673724 (2d Cir. 2013) . . . . . . . . 4

Niagara Mohawk Power Corporation v. Hudson River-Black River
Regulating District,673 F.3d 84 (2d Cir. 2012) . . . . . *passim*

Savoy of Newburg, Inc. v. City of Newburgh,
242 Fed.Appx. 716 (2d Cir. 2007) . . . . . . . . . . . . 6,10

Schlagler v. Phillips, 166 F.3d 439 (2d Cir. 1999) . . . . . . 3

Steinberg v. Nationwide Mutual Ins. Co.,
418 F.Supp.2d 215 (E.D.N.Y. 2006) . . . . . . . . . . . 10,11

Toliver v. Dept. of Corrections,
2012 WL 3999316 (S.D.N.Y. April 3, 2012) . . . . . . . . . . 8

<u>U.S. v. Mandanici</u>, 205 F.3d 519 (2d Cir. 2000)  . . . . . . . . 3

<u>U.S. v. Pepin</u>, 514 F.3d 193 (2d Cir. 2008)  . . . . . . . . . . 3

<u>Wilton v. Seven Falls Company</u>, 515 U.S. 277 (1995)  . . . . . 11

<u>Youell v. Exxon Corporation</u>, 74 F.3d 373 (2d Cir.),
<u>cert. den.</u>, 517 U.S. 1251 (1996)  . . . . . . . . . . . . 14, 15

<u>Youngblood v. Artus</u>, 2010 WL 4806991(N.D.N.Y. Nov. 18, 2010)  . 8

## **Preliminary Statement**

The SCSPCA's answer to this appeal confuses and conflates theories of law and standards of review. Rather than deal with the correct legal analysis set forth in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976), and further amplified in <u>Niagara Mohawk Power Corporation v. Hudson River-Black River Regulating District</u>, 673 F.3d 84 (2d Cir. 2012), which we submit is the proper standard to apply in this case, which the District Court failed to do, the SCSPCA offers a hodge-podge of legal theories unsupported by the law of this Circuit.

The SCSPCA claims that this Court can only review competing legal doctrines under the "abuse of discretion" standard. As this Court has made abundantly clear, where the issue is which legal standard to apply, it is reviewed *de novo*.

The SCSPCA's continued refusal to acknowledge that <u>Colorado River</u> is the governing standard applicable to this case compounds the error below. The claim splitting doctrine is simply not applicable in determining whether two pending parallel actions can proceed in federal and state court. This Court has reminded us that the claim splitting doctrine comes

into play only where the state court proceeding has been adjudicated.

What further confounds the SCSPCA's argument is its effort to apply Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), to Kanciper's §1983 damage action. Brillhart by its terms, applies only to declaratory judgment actions. Its very existence is predicated on this concept and the District Court did not even seek to apply it to Kanciper's civil rights claim.

In the end, Kanciper has a right to bring her federal claims in federal court. That right cannot lightly be taken away from her. An intense and rigorous analysis is required. We respectfully submit that the District Court did not conduct that analysis under the proper legal theories and had it done so, it would not have abstained from hearing Kanciper's federal claims.

## I. Whether a District Court Applied the Wrong Legal Test is Reviewed *De Novo*

The SCSPCA misconstrues the legal issues presented by this appeal and thereby misstates the appropriate standard of review to be applied by this Court in considering the appeal. The primary question on this appeal is whether the District Court erred in refusing to apply the Colorado River doctrine in

determining if Kanciper's federal claims may proceed in federal
court.  Review of that question is one which is *de novo* and the
abuse of discretion standard only comes into play once the
appropriate legal theory has been established.  Even then,
however, the SCSPCA misstates the standard of review because as
this Court has made clear in <u>Niagara Mohawk</u>, a more rigorous
abuse of discretion analysis is required when a federal court
abstains from adjudicating a federal issue.

     "[W]e must review *de novo* the essentially legal
determination of whether the requirements for abstention have
been met."  <u>Schlagler v. Phillips</u>, 166 F.3d 439, 441 (2d Cir.
1999).  This *de novo* standard of review supervenes the abuse of
discretion inquiry.  <u>Diamond "D" Construction Corp. v. McGowan</u>,
282 F.3d 191, 198 (2d Cir. 2002).  It is well-settled that
before getting to the abuse of discretion standard, the circuit
court must first determine *de novo* whether the district court
applied the correct legal principle to begin with.

     The Second Circuit succinctly set forth this principle in
<u>U.S. v. Mandanici</u>, 205 F.3d 519, 524 (2d Cir. 2000) wherein it
held that "we review *de novo* the question of whether a district
judge applied the proper legal standard", but review the judge's
ultimate decision for abuse of discretion.  Similarly, in <u>U.S.</u>

v. Pepin, 514 F.3d 193, 202 (2d Cir. 2008), the Second Circuit
held that its review, at first, must be *de novo* on whether the
district court applied the proper legal test; at which point,
the question then turns to whether the district court abused its
discretion in doing so.  A circuit court conducts a *de novo*
review in determining whether the district court applied the
proper legal test.  Legrano v. U.S., Slip Copy, 2013 WL 673724,
*1 (2d Cir. 2013) citing Mandanici at 524.

    Here, the SCSPCA argues that the issue of whether the
District Court applied the wrong legal test (claim splitting
instead of Colorado River) should be reviewed for an abuse of
discretion.  (SCSPCA Brief at 1-3)  The SCSPCA relies on one
Second Circuit case in support of its argument, Curtis v.
Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000).  However,
Curtis does not stand for this proposition and has no bearing on
this issue.

    We do not dispute that once the correct abstention doctrine
is determined, the application of that doctrine is reviewed on
an abuse of discretion basis.  However, although an abuse of
discretion standard is normally deferential, "in the abstention
context our review is 'somewhat rigorous':

                                4

> In abstention cases, … because we are considering an exception to a court's normal duty to adjudicate a controversy properly before it, the district court's discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved. Thus, there is little or no discretion to abstain in a case which does not meet traditional abstention requirement.

Niagara Mohawk Power Corporation v. Hudson River-Black River Regulating District, 673 F.3d 84, 99 (2d Cir. 2012). The presence of a federal question "may raise the level of justification needed for abstention, and our appellate inquiry is especially rigorous in this context." Id.

The reason for an increased level of review is because the "abstention doctrine comprises a few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction". Id. at 100. A federal court should not abdicate its obligation to decide cases properly before it. Id. Abstention "was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." Id.

## II.  **The Claim Splitting Doctrine Does Not Apply Here**

The Second Circuit has discussed the claim splitting doctrine and recognized its application in certain circumstances.  For instance, in Ambase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63 (2d Cir. 2003), the Second Circuit recognized that claim splitting is a form of *res judicata* and, as a result, is governed by state law.  Id. at 72-73.  Similarly, in Savoy of Newburg, Inc. v. City of Newburgh, 242 Fed.Appx. 716 (2d Cir. 2007), the Second Circuit held that "[u]nder New York law, claim preclusion bars future litigation between the same parties on claims that arise from the same transaction or series of transactions *previously litigated to a conclusion* …"  Id. at 718 quoting Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997)(emphasis added).

The Savoy Court held that the plaintiff's retaliation claim may be pursued in federal court and was not barred on abstention grounds because the prior state court action "did not involve the constitutional issues raised here …" which the state court did not address.  Savoy at 718-719.  The same holds true here.  There are no constitutional or federal issues raised in the pending state court action.

Notwithstanding the Second Circuit's interpretation of the claim splitting doctrine, the SCSPCA argues that "[t]he doctrine of claim-splitting concerns a court's general power to manage its docket to eliminate duplicative claims. This general power has been recognized by the Second Circuit on multiple occasions." (SCSPCA Brief at 4) This quote from the SCSPCA's brief is followed by a string cite to several cases ostensibly to show that a district court in this Circuit may control its docket by using the claim splitting doctrine. However, not one of these cases mentions or refers to the claim splitting doctrine.

For example, in <u>DiGennaro v. Whitehair</u>, 467 Fed. Appx. 42 (2d Cir. 2012), the Second Circuit did not dismiss the complaint based on the claim splitting doctrine. Instead, the Second Circuit affirmed the dismissal of the second filed action as duplicative because it was meant to circumvent the scheduling order in the first filed action. That is not the case here.

The second case cited by the SCSPCA is <u>Hicks v. Low</u>, 309 Fed. Appx. 472 (2d Cir. 2009). This case does not refer to the claim splitting doctrine either. The Second Circuit affirmed the dismissal of the plaintiff's complaint in his second filed

action because a jury had already decided the same issue in his first filed action.

Two of the other cases cited by the SCSPCA are related – Curtis v. DiMaio, 46 F.Supp.2d 206 (E.D.N.Y. 1999)("Curtis I") and Curtis v. Citibank, 226 F.3d 133 (2d Cir. 2000)("Curtis II"). Neither of the courts in these cases cited to the claim splitting doctrine. In fact, both cases cited to the Colorado River case. Curtis I at 215; Curtis II at 138. The Second Circuit in Curtis II held that:

> A court must be careful, when dismissing a second suit between the same parties as duplicative not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are also the same. Here they are not entirely duplicative. Thus, dismissal in whole was inappropriate and we must remand this case.

See, Curtis II at 136.

Another case cited by the SCSPCA is Adam v. Jacobs, 950 F.2d 89 (2d Cir. 1991). The Adam court neither addressed nor discussed the claim splitting doctrine. Federal Rule of Civil Procedure 13 was the crux of the Adam case; the issue was "whether a district court should hear a claim that constitutes a compulsory counterclaim in an earlier filed action." Id. at 93.

Compulsory counterclaims and Rule 13 have nothing to do with the issues at bar.[1]

After citing several cases that do not support its legal position and attempting to apply the Tenth Circuit's claim splitting doctrine, the SCSPCA ultimately acknowledged that the Second Circuit does not adopt the claim splitting analysis that was employed by either the District Court or the Tenth Circuit. See e.g., "distinction between claim-splitting and *res judicata* … has been recognized by other circuits" and "… the application of the two doctrines have not been expressly discussed by the Second Circuit …" (SCSPCA Brief at 6)(emphasis added). That is because the Second Circuit has enunciated in Niagara Mohawk Power Corporation v. Hudson River-Black River Regulating District, 673 F.3d 84, 101 (2d Cir. 2012), that the Colorado River abstention doctrine (not claim splitting) should be employed when state/federal cases run parallel to each other. Here, however, the District Court failed to either cite to or reference the Niagara Mohawk case in its decision below.

---

[1] The remaining cases cited by the SCSPCA similarly neither mention nor refer to the claim splitting doctrine. See, Youngblood v. Artus, 2010 WL 4806991 (N.D.N.Y. Nov. 18, 2010) (unreported) and Toliver v. Dept. of Corrections, 2012 WL 3999316, *7 (S.D.N.Y. April 3, 2012)(unreported)(*pro se* plaintiffs may not file duplicative actions in the same court).

The law of the Tenth Circuit is not and should not be the law in the Second Circuit. The District Court looked to the Tenth Circuit's rules on claim splitting and used them to abstain from hearing Kanciper's federal claims. This was error because the claim splitting analysis conducted by the Tenth Circuit is substantively different from that of the Second Circuit. For instance, the District Court correctly noted that, in the Tenth Circuit, claim splitting is applied "*assuming that the first suit were already final*." (SPA. 29)(emphasis in original). The Second Circuit has no such rule and has adopted a materially different approach. This Circuit looks to state law and performs a traditional *res judicata* analysis not making any assumptions about the finality of the first action. See, Ambase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63 (2d Cir. 2003)(applying Delaware *res judicata* principles to claim splitting analysis); Savoy of Newburg, Inc. v. City of Newburgh, 242 Fed.Appx. 716 (2d Cir. 2007)(applying New York principles of *res judicata* to claim splitting analysis).

Unlike the Tenth Circuit, if a state and federal case run parallel to one another, the Second Circuit applies the analysis required under Colorado River and Niagara Mohawk. It appears that the Tenth Circuit's application of its form of claim

10

splitting to parallel litigations runs afoul of Colorado River
because the six factors enumerated by the Supreme Court in
Colorado River are not considered. Furthermore, the standard
employed by the Tenth Circuit has none of the attributes set
forth in Colorado River.

The Second Circuit, as well as the District Court here in
Steinberg, *infra*, recognized that individuals have a right to
bring their federal claims in federal court. Here, that right
can only be taken away from Kanciper if the factors set forth in
Colorado River weigh in favor of abstention. There is nothing
inherently wrong or untoward with parallel litigations.
Further, there is no *per se* rule that a plaintiff may not seek
redress of her federal claims in federal court, and her state
claims in state court. It is the plaintiff's option that will
only be disturbed by weighing the Colorado River factors – an
analysis that neither the District Court nor the SCSPCA
performed.

In responding to the District Court's holding in Steinberg
v. Nationwide Mutual Ins. Co., 418 F.Supp.2d 215, 223 (E.D.N.Y.
2006) that:

> claim splitting does not apply to parallel state and
> federal action … Accordingly, the proper question in a
> case involving parallel state and federal actions is

whether abstention under Colorado River is appropriate.
(citations omitted)

the SCSPCA argues in conclusory form that this holding "is
flawed", "did not actually provide any rationale" and was
without "argument or authority". (SCSPCA Brief at 10) We
disagree with the SCSPCA's characterization of the Steinberg
decision and respectfully submit that Steinberg set forth the
appropriate legal standard.

The SCSPCA failed to cite to Colorado River in its brief in
any meaningful way. More importantly, it failed to perform an
analysis under Colorado River which we submit is a concession
that, had it performed such an analysis, it would be clear that
abstention is improper. Kanciper, on the other hand, conducted
an analysis under Colorado River in her moving brief setting
forth why the factors are in her favor and has asserted a
colorable §1983 claim against the SCSPCA and its agents. See,
Fabrikant v. French, 691 F.3d 193 (2d Cir. 2012) (Ulster County
Society for the Prevention of Cruelty to Animals, a private not-
for-profit organization, and its agents, acted under color of
state law in the performance of their law enforcement powers.)

Kanciper should have access to the federal courts to
resolve her federal claims because "abstention is generally

disfavored, and federal courts have a virtually unflagging

obligation to exercise their jurisdiction".  Niagara Mohawk at

101.

**III.  *Brillhart* Does Not Apply When the Declaratory Judgment Action Presents an Important and Novel Federal Question**

From the outset, it should be noted that the

Brillhart/Wilton abstention doctrine does not apply here where

Kanciper seeks both a declaratory judgment and damages under

§1983.  The Second Circuit, in Niagara Mohawk Power Corporation

v. Hudson River-Black River Regulating District, 673 F.3d 84,

106 (2d Cir. 2012), held that "Wilton does not apply where, as

here, a plaintiff does not seek purely declaratory relief, but

also, for example, … seeks damages caused by the defendant's

conduct."  That may be why the SCSPCA did not raise the

Brillhart/Wilton abstention doctrine to the District Court.

Nevertheless, the District Court raised it *sua sponte*.  (A. 57-

58)  The SCSPCA now champions this doctrine arguing in

conclusory form that the declaratory judgment claim at bar (a)

does not raise issues of federal law, (b) will serve no useful

purpose, and (c) will not finalize the controversy.  (SCPSCA

Brief at 19-20)  All three of these arguments are contrary to

the facts and law in this case.

13

The declaratory judgment claim is based on the United
States Constitution.  The federal complaint seeks a declaration
that New York State Criminal Procedure Law §2.10(7) (CPL
§2.10(7)) is unconstitutional because it unlawfully delegates to
the SCSPCA (a private advocacy group) the power to search,
seize, interrogate and arrest individuals in derogation of the
Fourth and Fifth Amendments. (A. 40-44)

Although the SCSPCA refuses to acknowledge it, there is an
important federal question presented.  The issue of whether
agents of the SCSPCA (who need not be citizens) can dress-up
like police officers and, while doing so, search homes, seize
property, execute and apply for search warrants, make arrests
and detain individuals without any governmental oversight or
control is an important one (A. 20-22).  See, Youell v. Exxon
Corporation, 74 F.3d 373, 374 (2d Cir.), cert. den., 517 U.S.
1251 (1996)(holding that a decision of a federal court to
abstain from adjudicating a declaratory judgment action would
constitute an abuse of discretion if an important federal
question was presented.)

There is no dispute that this federal issue was never
before addressed by the Second Circuit and affects more people
than just Kanciper.  (A. 270-281)  As a result, it will finalize

14

the controversy as to whether CPL §2.10(7) passes constitutional muster. Not only did the SCSPCA search Kanciper's home and barn, arrest, interrogate and detain her, they also did the same to third parties like Claudette LaCast, Marie Guerrera Tooker, and Lee Ann Rush. (A. 270-281)

The federal constitutional issues presented in this declaratory judgment action are both serious and novel – the very type of claim that falls outside the purview of the Brillhart abstention doctrine. The concern underlying Brillhart was that federal courts should not unnecessarily opine on issues that only involve state law using the declaratory judgment act as the vehicle to do so. Youell at 375 citing Brillhart at 497. That is not the case here where federal law predominates and governs the outcome of the dispute. Moreover, the adjudication of whether CPL §2.10(7) is unconstitutional will have no bearing on Kanciper's state court tort action.

The adjudication of "novel questions of federal law" is the unflagging obligation of the federal judiciary. Id. at 375. "[F]ederal adjudication of [a federal issue] will not constitute gratuitous interference with the orderly and comprehensive disposition of the state court litigation." Id. "A federal

question of first impression must all but demand that the federal court hear the case …" Id. (citations omitted)

The District Court abused its discretion by abstaining. There are substantial and serious issues of federal law here that should be heard in a federal court and not sent to state court for adjudication for no compelling reason. To deny Kanciper access to the federal courts based upon an inapplicable abstention doctrine is legal error. Accordingly, Kanciper's declaratory judgment action should have remained in the federal court.

<u>CONCLUSION</u>

For the reasons set forth above, we respectfully request that this action be remanded to the District Court for adjudication of the federal issues presented.

Dated:    New York, New York
          June 10, 2013

                    McLAUGHLIN & STERN, LLP


                    By: /S/ Alan E. Sash
                    Steven J. Hyman
                    Alan E. Sash
                    260 Madison Avenue
                    New York, NY 10016
                    (212) 448-1100
                    *Attorneys for Appellant*

## <u>Certificate of Compliance with Rule 32(a)(7)</u>

This brief complies with FRAP 32(a)(7).  The number of words is 3,194 and the number of lines is 371.